UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

MARIE MOLBAYLI and DILAVER MOLBAYLI, on behalf of plaintiffs and a class,

    Plaintiffs,

v.

PHH MORTGAGE CORPORATION; HSBC MORTGAGE SERVICES INC.; and HSBC BANK USA, N.A.,

    Defendants.

Civil Action No. 2:14-cv-05479-SJF-SIL

## MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Marie Molbayli and Dilaver Molbayli (the "Plaintiffs' or "Representative Plaintiffs"), (, respectfully request that the Court enter an order pursuant to Federal Rule of Civil Procedure 23(c)(1): (1) certifying the proposed Class described below for settlement purposes; (2) preliminarily approving the proposed Class Settlement Agreement; (3) directing notice to the Class; and (4) setting dates for requests for exclusion, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).

In support of their motion, the Plaintiffs state:

1.     This action was brought by the Plaintiffs on their own behalf and on behalf of all other persons similarly situated to the Plaintiffs.

2.     Plaintiffs asserted a claim pursuant to 15 U.S.C. §1692 *et seq*. the Fair Debt Collection Practices Act ("FDCPA") and pursuant to 12 U.S.C. §2601 *et seq*. the Real Estate Settlement Procedures Act ("RESPA") against Defendants PHH Mortgage Corporation, HSBC

Mortgage Services, Inc., and HSBC Bank, USA, N.A. Plaintiffs have settled their RESPA claim individually. The Plaintiffs and Defendant PHH Mortgage Corporation ("PHH," and collectively with Plaintiffs, the "Parties") have agreed to settle Plaintiffs' FDCPA claim on a class action basis. Defendants HSBC Mortgage Services, Inc., and HSBC Bank, USA, N.A. are not parties to this settlement and will be dismissed from this action with prejudice.

3.  Plaintiffs' FDCPA claim alleges that PHH violated the FDCPA by improperly charging plaintiffs and the class members an appearance fee in connection with PHH's counsel's appearance at a judicially mandated settlement conference of the nature referenced in 22 NYCRR §202.12-a(c)(7). PHH denies all of these factual allegations and the Court has not made a finding of liability against PHH.

4.  Counsel for Plaintiffs and Counsel for PHH have reviewed and analyzed the complex legal and factual issues presented in this action, and the risks and expense involved in pursuing the litigation to conclusion.

5.  Based upon this review and analysis, counsel for Plaintiffs and PHH embarked upon and concluded comprehensive settlement discussions and then negotiated and executed a Class Action Settlement Agreement and Release (the "Class Settlement Agreement"), attached as Exhibit A.

6.  Plaintiffs and Plaintiffs' counsel have also considered the factors required to certify a class action under Federal Rule of Civil Procedure 23 and believe they are met here, for the reasons set forth below and as to be further shown at the hearing on this Motion.

7.  The Class is defined as (i) consumers with PHH-serviced mortgage loans where the loans are associated with New York property addresses, (ii) who, based on billing descriptions provided by PHH's foreclosure counsel, had accounts that were assessed an

attorneys' fee by PHH on or after September 18, 2013 in connection with PHH's counsel's appearance at a judicially-mandated settlement conference of the nature referenced in 22 NYCRR §202.12-a(c)(7), and (iii) whose accounts have a monthly statement dated on or after September 18, 2013 indicating an attorney fee charge or whose accounts otherwise indicate borrower payment of such an attorney fee charge. Any fee charge meeting these requirements is defined as a "Disputed Fee." PHH has determined that the class includes approximately 508 such accounts, some of which have multiple associated Class Members.

8. Based on its investigation in this matter, Plaintiffs and Plaintiffs' counsel believe that the following requirements are met:

   a. The Class is sufficiently numerous such that joinder of all members is impracticable. (PHH has represented that the class consists of approximately 508 accounts).

   b. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members.

   c. The Representative Plaintiffs have claims typical to those of the Class Members.

   d. The Representatives Plaintiffs and their counsel are adequate representatives for the Class.

   e. Settlement of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.

9. PHH does not oppose the relief sought in this Motion, subject to its rights set forth in the Settlement Agreement.

10. Under the terms of the attached Class Settlement Agreement and subject to Court approval:

*a.* The Total Settlement Amount is $331,390.00 which is inclusive of the Class Members' recovery (statutory and actual damages), Class Counsels' Attorneys fees, and the Representative Plaintiffs' recovery. The Total Settlement Amount shall be distributed as set forth immediately below in paragraphs (b) and (c):

*b.* PHH has and/or shall refund directly to the Class Members (or directly credit the associated accounts) all attorneys' fees charged to PHH-serviced mortgage loans associated with New York property addresses where (i) the fees, based on billing descriptions provided by PHH's foreclosure counsel, appear to have been assessed by PHH on or after September 18, 2013 in connection with PHH's counsel's appearance at a judicially-mandated settlement conference of the nature referenced in 22 NYCRR §202.12-a(c)(7), and (ii) the borrowers' accounts have a monthly statement dated on or after September 18, 2013 indicating an attorney fee charge or whose accounts otherwise indicate borrower payment of such an attorney fee charge (the "Refund Amount"). The total Refund Amount is one hundred twenty-one thousand and three hundred ninety dollars ($121,390.00).

*c.* Additionally, PHH will pay two hundred and ten thousand dollars ($210,000.00) to the Class Administrator ("Fund") to be distributed as follows:

       1.  Subject to Court approval, Class Counsel shall receive attorneys fees of 33% of the Total Settlement Amount ($109,358.70) from the Fund ("Fee Award").

       2.  Subject to Court approval, the Representative Plaintiffs shall receive an award of five thousand dollars ($5,000.00) from the Fund ("Service Award").

       3.  Each Class Member who does not successfully opt out or request exclusion shall receive a pro rata share of the Fund, after subtraction of the Fee Award and the Service Award, if any. It is estimated that each Class Member will receive a settlement check from the Fund of approximately $183.07.  Any such distribution is in addition to the Refund Amount.

d.    PHH shall pay all costs associated with class settlement administration, including mailing of the Class Notice and  and of the Class settlement checks. This amount shall be separate from the Total Settlement Amount.

e.    PHH shall cause Notice to the Class members to be mailed via first class mail within 30 days after entry of the Preliminary Approval Order.

f.    Class Members shall have 60 days after the Class Notice mailing date to opt-out or request exclusion from the Settlement.

g.    Class Counsel may petition the Court for a Fee Award not to exceed 33% of the Total Settlement Amount ($109,358.70) within 45 days after the Class Notice mailing date.

h.     Upon final approval by the Court, PHH shall cause the Class settlement checks to be mailed via first class mail. .

i.    To the extent that there are any amounts remaining in the Fund after checks expire of their own terms, such amounts shall be paid to reimburse,

PHH for settlement administration costs paid by PHH. Any additional remaining amounts in the Fund shall be distributed cy pres to The Legal Aid Society, Civil Division, subject to Court approval.

11. Representative Plaintiffs and Counsel for Representative Plaintiffs and the proposed Class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the members of the proposed Class.

12. The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Class Settlement Agreement.

13. Plaintiffs propose that Exhibit B be the form of notice to be sent to each Class Member via first class mail, and that no further notice to the Class is required.

14. Plaintiffs propose that the Court enter the proposed Preliminary Approval Order, attached as Exhibit C.

15. As reflected in the proposed Preliminary Approval Order, the Parties have agreed on the appointment of Tilghman & Co. as the Class Administrator to work with PHH on Class settlement administration issues.

PHH does not object to the form of Notice or Preliminary Approval Order.

WHEREFORE, the Plaintiffs respectfully request that the Court enter the proposed Preliminary Approval Order, attached as Exhibit C: (1) certifying the proposed Class for settlement purposes; (2) preliminarily approving the proposed Class Settlement Agreement; (3) directing notice to be sent to the Class via first class mail; and (5) setting dates for submission of Class Counsels' fee petition, requests for exclusion, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).

Dated: New York, New York
      December 3, 2015

LAW OFFICES OF KLEINMAN LLC

By: _____
     Abraham Kleinman

<u>Attorneys for the Plaintiffs</u>:
626 RXR Plaza
Uniondale, New York 11556

Dated: Chicago, Illinois
December 3, 2015

EDELMAN COMBS LATTURNER
& GOODWIN, LLC

By:  s/Tiffany N. Hardy
      Tiffany N. Hardy

<u>Attorneys for the Plaintiffs</u>
20 South. Clark Street, Suite 1500
Chicago, IL  60603