# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

MARIE MOLBAYLI and DILAVER
MOLBAYLI, on behalf of plaintiffs and a class,

                Plaintiffs,

v.

PHH MORTGAGE CORPORATION; HSBC
MORTGAGE SERVICES INC.; and HSBC
BANK USA, N.A.,

                Defendants.

Civil Action No. 2:14-cv-05479-SJF-SIL

## PETITION FOR ATTORNEY'S FEES

Pursuant to the parties' settlement agreement in this case, Class Counsel respectfully requests approval of payment of attorney's fees of $109,358.70, which represents 33% of the Total Settlement Amount of $331,390.00.  Counsel for Marie Molbayli and Dilaver Molbayli, ("Plaintiffs") include experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter.

## I.    THE ATTORNEY'S FEES ARE REASONABLE

"Attorneys who create a common fund to be shared by a class are entitled to an award of fees and expenses from that fund as compensation for their work." *In re Telik, Inc., Securities Litigation*, 576 F. Supp. 570, 585 (S.D.N.Y. 2008)(internal citations omitted).  District courts are authorized to award attorney's fees using the lodestar method or the percentage of fund method.

*Cook v. Niedert*, 142 F.3d 1004, 1010 (7th Cir. 1998); *In re Synthroid Mktg. Litig.*, 264 F.3d 712

(7th Cir. 2001); *Americana Art China Co., Inc. v. Foxfire Printing and Packaging, Inc.*, 743

F.3d 243, 247 (7th Cir. 2014) (quoting *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 566

(7th Cir. 1994), "[W]e are of the opinion that both the lodestar approach and the percentage

approach may be appropriate in determining attorney's fee awards, depending on the

circumstances. . . .[T]he decision whether to use a percentage method or a lodestar method

remains in the discretion of the district court.").   While a district court may use the lodestar

method, the percentage of recovery method, or some combination of the two, *Florin v.*

*Nationsbank of Georgia, N.A.*, 60 F.3d 1245, 1247 n. 2 (7th Cir. 1995); *In re Kentucky Grilled*

*Chicken Coupon Mktg. & Sales Practices Litig.*, 280 F.R.D. 364, 379 (N.D. Ill. 2011) ("*Kentucky*

*Chicken*") (internal quotations omitted) (holding that a fee request which represented

approximately 32.7% of the fund created by the settlement was both "reasonable" and "arguably

below the norm" of market rate for contingency fee cases of 33 1/3-40% *plus* the cost of

litigation).   "Where the market for legal services in a class action is only for contingency fee

agreements, and there is a substantial risk of nonpayment for the attorneys, the normal rate of

compensation in the market" is "33.33% of the common fund recovered." *Kentucky Chicken*, 280

F.R.D. at 381 (Internal quotation omitted), is consistent with the 33.33% that Class Counsel is

seeking here.  However, courts have noted that "the trend in this Circuit is to use the percentage

of the fund method to compensate attorneys in common fund cases[.]" *Sukhnandan v. Royal*

*Heath Care of Long Island, LLC*, 12cv4216, 2014 WL 3778173, *9 (S.D.N.Y. July 31, 2014).

### A.      The Common Fund Method

It has been well established in the Second Circuit, and elsewhere, that fee awards based upon a percentage of a recovery are fair and reflect what could have been contracted for in the marketplace.  Consumer protection cases, where counsel is retained on a contingent fee basis, are certainly no different.  It is well established that when a representative party has created a "common fund" for, or has conferred a "substantial benefit" upon, an identifiable class, counsel for that party is entitled to an award of attorneys' fees from the fund.  *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *In re: Synthroid Marketing Litigation*, 264 F.3d 712, 717 (7th Cir. 2001). When deciding on appropriate attorney compensation in a common-fund case, a court must endeavor to award "the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re: Synthroid Marketing Litigation*, 264 F.3d at 718.

The court in *Synthroid* explained that determination of the market rate for the legal fees should be based in part on the following factors:

> The market rate for legal fees depends in part on the risk of nonpayment a firm agrees to bear, in part on the quality of its performance, in part on the amount of work necessary to resolve the litigation, and in part on the stakes of the case.

*Id. at* 721.

### 1.   The Economics of Prosecuting the Action and the Contingent Nature and Risk of the Representation

Plaintiff's counsel took this case on a contingent fee basis almost two years ago, and thus was faced with a significant risk of non-payment.  A fee request of 33% of the Total Settlement Amount is also consistent with the marketplace. The market rate for contingent fees in consumer

cases such as this is in the 25% to 40% range, depending on various facts and circumstances.
*Gaskill v. Gordon*, 942 F. Supp. 382 (N.D. Ill. 1996), *aff'd*, 160 F.3d 361 (7th Cir. 1998) (38%
awarded); *Spicer v. Board of Options Exchange*, 844 F. Supp. 1226 (N.D Ill. 1993) (29%
awarded); *Family L.P. v. Price Waterhouse LLP*, 2001 WL 1568856 (N.D. Ill. 2001) (33 1/3 %
awarded); *Gilbert v. First Alert, Inc.*, 1998 WL 14206 (N.D. Ill. 1998); (30% awarded);
*Goldsmith v. Technology Solutions Co.*, 1995 U.S. Dist. LEXIS 15093 (N.D. Ill. 1995) (33 1/3 %
awarded); *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399 (7th Cir. 2000) (25% awarded).

Cases recognize that attorneys' risk is "'perhaps the foremost" factor' in determining an
appropriate fee award." *Pinto v. Princess Cruise Lines*, *Ltd*., 513 F. Supp. 2d 1334, 1339 (S.D.
Fla. 2007) (citing numerous decisions). In *Behrens*, Judge King noted:

> A contingency fee arrangement often justifies an increase in the award of
> attorneys' fees. This rule helps assure that the contingency fee arrangement
> endures. If this "bonus" methodology did not exist, very few lawyers could
> take on the representation of a class client given the investment of
> substantial time, effort and money, especially in light of the risks of
> recovering nothing.

118 F.R.D. at 548 (citations omitted). Judge Altonaga echoed these considerations in *Pinto*: "A
determination of a fair fee for class counsel must include consideration of the contingent nature
of the fee, the wholly contingent outlay of out-of-pocket sums by Class Counsel, and the fact that
the risks of failure and nonpayment in a class action are extremely high." *Pinto v. Princess
Cruise Lines*, *Ltd*., 513 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007) (citing numerous decisions); *see
also In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1364 (S.D. Fla. 2011)
(King, J.) ("Numerous cases recognize that the contingent fee risk is an important factor in
determining the fee award"). These risks "must be evaluated from the standpoint of Plaintiffs'

counsel as of the time they commenced the suit and not retroactively  with the benefit of hindsight." *Pinto*, 513 F. Supp. 2d at 1340 & n.2

Under the common fund approach, "the district court must consider how much compensation class counsel should receive for incurring the risk of nonpayment when it took the suit." *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 566 (7th Cir. 1994).  This case was prosecuted by Plaintiff's counsel on a contingent fee basis with no assurance of any fee. Numerous cases recognize that the contingent fee risk is an important factor in determining the fee award.  *See In re Continental Illinois Sec. Litig.*, 962 F.2d 566 (7th Cir. 1992) (holding that when a common fund case has been prosecuted on a contingent basis, plaintiff's counsel <u>must</u> be compensated adequately for the risk of non-payment); *Ressler v. Jacobsen*, 149 F.R.D. 651, 654 (M.D. Fla. 1992) ("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award.").

Class Counsel filed a well researched complaint alleging claims for relief under federal law alleging, among other things, that PHH violated the FDCPA by improperly charging plaintiffs and the class members an appearance fee in connection with PHH's counsel's appearance at a judicially mandated settlement conference of the nature referenced in 22 NYCRR §202.12-a(c)(7).  PHH denies all of these factual allegations and the Court has not made a finding of liability against PHH.

The parties exchanged informal discovery and plaintiffs' counsel engaged in several communications with defendant PHH's counsel regarding the claims alleged in the complaint. *Schulte v. Fifth Third Bank*, 805 F.Supp.2d 5560, 587 (N.D. Ill. 2011) (holding that the pertinent

inquiry is not whether formal discovery has occurred but rather what "facts and information have been provided."). The parties subsequently reached this settlement, and jointly drafted and approved the settlement documents. At the time of the settlement, the parties' respective theories of the case were known and well-developed.

The Settlement provides a substabtial benefit to the class members. The Total Settlement Amount is $331,390.00 which is inclusive of the Class Members' recovery (statutory and actual damages), Class Counsels' Attorneys fees, and the Representative Plaintiffs' recovery. This entails Class Members receiving a refund of the "disputed fee," as well as a share of the Settlement Fund. It is estimated that each Class Member will receive a settlement check from the Fund of approximately $183.07. Any such distribution from the Settlement Fund is in addition to the Refund Amount.

In addition, this degree of success has been acknowledged by this Court in its preliminary approval of the settlement. In light of the work performed in this matter, Class Counsel's request for $109,358.70 which represents 33% of the Total Settlement Amount is reasonable.

Due to the fact that Class Counsel's compensation is entirely contingent, the fees being requested are within the typical market range in such contingency fee cases, the risk counsel faced recovering on the claims alleged, and the substantial recovery negotiated for the class, the Court should award $109,358.70 in attorney's fees as requested from the Settlement Fund.

## II.   CONCLUSION

For all the reasons set forth above, Class Counsel respectfully requests that this Court grant the fee petition at the time of final approval of the class action settlement.

6

Respectfully submitted,

/s/ Tiffany N. Hardy
Tiffany N. Hardy

Dated: New York, New York
        March 23, 2016

Dated: Chicago, Illinois
March 23, 2016

EDELMAN COMBS LATTURNER
& GOODWIN, LLC

By:   /s/Tiffany N. Hardy
        Tiffany N. Hardy

Attorneys for the Plaintiffs
20 South. Clark Street, Suite 1500
Chicago, IL  60603

LAW OFFICES OF KLEINMAN LLC

By:   _____
        Abraham Kleinman

Attorneys for the Plaintiffs
626 RXR Plaza
Uniondale, New York 11556

**CERTIFICATE OF SERVICE**

I, Tiffany N. Hardy, hereby certify that on March 23, 2016, a true and accurate copy of the foregoing document was served via email upon the following parties.

Abraham Kleinman
akleinman@kleinmanllc.com

Alyssa Sussman
asussman@goodwinprocter.com

Matthew S Sheldon
msheldon@goodwinprocter.com

Thomas M. Hefferon
thefferon@goodwinprocter.com

s/ Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN COMBS, LATTURNER &
GOODWIN, LLC
20 S. Clark, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 917-0379 (FAX)

8