# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIE MOLBAYLI and DILAVER MOLBAYLI, on behalf of plaintiffs and a class,<br><br>Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION; HSBC MORTGAGE SERVICES INC.; and HSBC BANK USA, N.A.,<br><br>Defendants. | Civil Action No. 2:14-cv-05479-SJF-SIL |

## PLAINTIFFS' UNOPPOSED MOTION AND INCORPORATED MEMORANDUM OF LAW TO RESET FINAL APPROVAL HEARING DATE AND APPROVE SUPPLEMENTAL CLASS NOTICES

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Plaintiffs, Marie Molbayli and Dilaver Molbayli ("Plaintiffs"), on behalf of themselves and others similarly situated, through their counsel Edelman Combs Latturner & Goodwin, LLC and Kleinman, LLC (collectively, "Class Counsel"), respectfully make this motion to reset the hearing scheduled for July 25, 2016 for Final Approval of the proposed class settlement (the "Class Settlement") between plaintiffs and defendant PHH Mortgage Corporation ("PHH"), and approve certain supplemental class notices. In support of this Motion, Plaintiffs state as follows:

1. The Class Settlement provides relief to borrowers associated with 505 PHH mortgage accounts who Plaintiffs allege were charged attorneys' fees for PHH's foreclosure counsel's appearance at a New York state court judicially-mandated foreclosure settlement conference.[1] Plaintiff's Amended Complaint, filed on November 26, 2015, alleged that charging these attorneys' fees violated a New York judicial rule, 22 NYCRR §202.12-a(c)(7), which constituted a violation of the federal Fair Debt Collection Practices Act.

2. This Court preliminarily approved the Class Settlement in an order dated January 7, 2016 (the "Preliminary Approval Order").

3. The Preliminary Approval Order preliminarily certified a class defined as: (i) consumers with PHH-serviced mortgage loans where the loans are associated with New York property addresses, (ii) who, based on billing descriptions provided by PHH's foreclosure counsel, had accounts that were assessed an attorneys' fee by PHH on or after September 18, 2013 in connection with PHH's counsel's appearance at a judicially-mandated settlement conference of the nature referenced in 22 NYCRR §202.12-a(c)(7), and (iii) whose accounts

---

[1] Former defendants HSBC Mortgage Services. Inc. and HSBC Bank USA, N.A. are not parties to the Class Settlement and were dismissed from this litigation on January 15, 2016. Plaintiffs also settled their individual claims in the Amended Complaint brought under the Real Estate Settlement Procedures Act and those claims were also dismissed from this litigation.

1

have a monthly statement dated on or after September 18, 2013 indicating an attorney fee charge or whose accounts otherwise indicate borrower payment of such an attorney fee charge.

4. The Class Settlement provides for a total settlement amount of $331,390.00 which is inclusive of the class members' recovery (statutory and actual damages), Class Counsels' attorneys' fees, and the representative plaintiffs' recovery. The Class Settlement Agreement, attached as Exhibit A to the Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 55), provides for the following distribution of the total settlement amount to the class:

  a. PHH has and/or shall refund directly to the Class Members (or directly credit the associated accounts) all attorneys' fees charged to PHH-serviced mortgage loans associated with New York property addresses where (i) the fees, based on billing descriptions provided by PHH's foreclosure counsel, appear to have been assessed by PHH on or after September 18, 2013 in connection with PHH's counsel's appearance at a judicially-mandated settlement conference of the nature referenced in 22 NYCRR §202.12-a(c)(7), and (ii) the borrower's accounts have a monthly statement dated on or after September 18, 2013 indicating an attorney fee charge or whose accounts otherwise indicated borrower payment of such an attorney fee charge (the "Refund Amount"). The total Refund Amount is $121,390.00.

  b. Additionally, PHH will pay $210,000.00 to the Class Administrator ("Fund") to be distributed as follows:

    i. Subject to Court approval, Class Counsel shall receive attorneys' fees of 33% of the Total Settlement Amount ($109,358.70) from the Fund ("Fee Award").

    ii. Subject to Court approval, the Representative Plaintiffs shall receive an award of $5,000.00 from the Fund ("Service Award").

    iii. Each Class Member who does not successfully opt-out or request exclusion shall receive a pro rata share of the Fund, after subtraction of the Fee Award and the Service Award.

  5. The Preliminary Approval Order also authorized a settlement administrator to provide notice of the Class Settlement to class members, and the Order set deadlines for, among other things, class members to opt-out or object to the Class Settlement. The Preliminary Approval Order also approved the form of the class notice.

  6. PHH prepared a final list of the affected accounts that were part of the Class Settlement, including the relevant mailing addresses on file, and provided the list to the independent settlement administrator appointed by the Court in the Preliminary Approval Order, Tilghman & Co. (the "Settlement Administrator").

  7. The Settlement Administrator obtained updates to the mailing list provided by PHH using the National Change of Address database maintained by the United States Postal Service ("USPS"). The Settlement Administrator then mailed class notices to the appropriate addresses associated with all 505 affected accounts by February 6, 2016, which was compliant with the deadline set in the Preliminary Approval Order.

  8. Of the 505 class notices mailed out by the Settlement Administrator, only 19 notices were returned by the USPS as undeliverable. The Settlement Administrator re-mailed 13 of these 19 class notices using forwarding address information obtained from a LexisNexis search. Additionally, the Settlement Administrator re-mailed 1 of the returned class notices using forwarding address information provided by the USPS on the face of the returned mail. Of

these 14 re-mailed notices, none were returned as undeliverable. No forwarding address information could be located for the remaining 5 class notices that were returned as undeliverable. Thus, it appears that 500 of the 505 notices were successfully mailed to members of the class.

9. Significantly, no class members have opted-out of the Class Settlement or objected to the Class Settlement. Additionally, neither the Settlement Administrator nor Class Counsel have received any communications from class members with concerns about the Class Settlement.

10. The address labels for the 505 class notices mailed out listed the addressee as the primary mortgagor holder on the mortgage account, as reflected in PHH's records.

11. In preparing for the July 25, 2016 Final Approval hearing before this Court, the parties determined that co-borrowers were not also listed on the address labels for the class notices.

12. Plaintiffs and Class Counsel believe that, in an abundance of caution, additional class notices should be mailed out addressed specifically to any co-borrowers on the 505 affected accounts who were not listed on address labels for the already-mailed class notices.

13. Plaintiffs and Class Counsel believe this is the safest course of action to ensure that all class members, including co-borrowers, receive notice of the Class Settlement and have the opportunity to exercise their rights accordingly. Roughly one-third of the 505 affected accounts have co-borrowers who would receive such a supplemental notice. PHH does not object to this request.

14. Providing these new notices to co-borrowers will not affect any of the substantive terms of the Class Settlement, the number of accounts that are part of the Class Settlement, or the

completion of the notice process to those borrowers on the 505 affected accounts who were already listed on the address labels for the mailed class notices.

15. Accordingly, Plaintiffs and Class Counsel request the following relief in this Motion:

    a. The Court strike the Final Approval hearing currently scheduled for July 25, 2016 at 11:00 AM from the Court's docket; and

    b. The Court allow Plaintiffs and Class Counsel until July 29, 2016 to submit a proposed order providing proposed dates for the mailing of the supplemental class notices, the opt-out deadline for those supplemental notices, the objection deadline for those supplemental notices, the reset Final Approval hearing, and any other proposed dates and deadlines that appear appropriate for the efficient administration of the Class Settlement.

16. Class Counsel and PHH's counsel are also available to discuss this matter with the Court, at the Court's convenience, should the Court have any questions.

WHEREFORE, Plaintiffs individually, and as a representatives of the class of similarly situated persons, by Class Counsel, request that this Court grant this motion, strike the July 25 hearing from the Court's docket, and allow Plaintiffs and Class Counsel until July 29 to submit an appropriate proposed order to govern the supplement class notices.

        Respectfully submitted,

        s/ Tiffany N. Hardy
        Tiffany N. Hardy

Daniel A. Edelman
Cathleen M. Combs
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York 11556
(516) 522-2621
(888) 522-1692 (FAX)

6

## **CERTIFICATE OF SERVICE**

      I, Tiffany N. Hardy, hereby certify that on July 20, 2016, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

Abraham Kleinman
akleinman@kleinmanllc.com

Alyssa Sussman
asussman@goodwinprocter.com

Matthew S Sheldon
msheldon@goodwinprocter.com

Thomas M. Hefferon
thefferon@goodwinprocter.com


                                                  s/ Tiffany N. Hardy
                                                  Tiffany N. Hardy